STANLEY E. WILDER v. M. H. RHODES, INC.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 78637

Memorandum filed November 23, 1949.

*Rogin & Nassau,* of Hartford, for the Plaintiff.

*William D. Shew,* of Hartford, and *Leo V. Gaffney,* of New Britain, for the Defendant.

INGLIS, J.  In the year 1945 there was in effect a contract between the defendant company and the Hartford Connecticut Trust Company, as trustee, whereby the defendant was bound to pay to the trust company sums of money which the trust company was to use to pay the premiums on life insurance policies for the benefit of all the employees of the defendant company who had been employed continuously for the five years next prior to the anniversary date of the trust agreement, which date was December 24.  The first count of the complaint alleges that the plaintiff was entitled under that agreement to have the premium on his policy paid by the defendant, that the defendant did pay it but then withdrew the payment, and that later he paid it himself.   He is suing to recover the amount so paid by him.  His right to recover depends upon the question whether he had beeen continuously employed by the defendant for the five years prior to December 24, 1945.  The facts bear- ing on that question are found as follows:

The plaintiff started in the employ of the defendant as a clerk in 1938. In 1941 or thereabouts he was first made treasurer of the concern.   In 1942 Marcus H. Rhodes, the controlling stockholder, withdrew from the business management and production end of the business leaving that in the hands of a Mr. Strasser, a Mr. Hunter, and the plaintiff, to devote his energies to research and invention for the company.  In the fall of 1944, becoming suspicious of the way in which the company was being managed, he again became active in that branch of the business.  As a result of investigations which he made he procured the discharge of Mr. Strasser and Mr. Hunter in December, 1944, and March, 1945, respectively.

By January, 1945, and for some time before that the plaintiff was receiving a salary of $275 per week plus a bonus of 10 per cent of his salary, the accumulated bonus being paid at the

end of each three-month or six-month period. The concern was engaged in the manufacture of bomb sights for the United States government.

At the annual meeting of the directors held on March 21, 1945, the plaintiff was elected treasurer of the company "for one year and until their successors shall have been chosen and shall have qualified." Even prior to that time Mr. Rhodes had become dissatisfied with the plaintiff's services, and in April, 1945, he hired a Mr. Magner as general manager but with the idea that he would also take over the plaintiff's duties. On June 22, 1945, Mr. Magner having stated that he was ready to assume the duties of treasurer, Mr. Rhodes directed him to discharge the plaintiff. Although there is no credible direct evidence as to just what was said in the interview between Mr. Magner and the plaintiff, there can be no question but that Mr. Magner communicated to the plaintiff that he was going to be discharged. At least, in an interview thereafter with Mr. Rhodes, the plaintiff said in substance that, although he had been implicated with Strasser and Hunter in their mismanagement of the company, it was something which he could not help because they were his bosses and he did not think that his conduct warranted his being discharged. It apparently was arranged between Mr. Magner and the plaintiff that the latter should take a vacation for eight weeks with pay as terminal leave. After the interview with Mr. Rhodes and in the middle of the day, the plaintiff packed up his personal belongings in the office and left. At a meeting of the directors on June 25, 1945, it was voted that Mr. S. E. Wilder be no longer treasurer of this corporation effective at once and that Mr. J. P. Magner be and hereby is elected treasurer of this corporation effective at once, to serve at the pleasure of the board or until a successor is elected and qualified. In its monthly report of "employees cancelled" made by the defendant to the insurance company which had issued the plaintiff's policy, it was reported that the plaintiff was cancelled as of August 18, 1945.

The plaintiff was paid his bonus accumulated to June 30, 1945, and from June 22 through August 15, 1945, he continued to receive his weekly salary of $275. During that period he was called on by various employees of the company for information on different subjects and gave that information. Even after August 15 and before September 15, on about ten occasions he also gave information about the affairs of the company to other employees when requested so to do.

After VJ day on August 14, orders for war material were terminated and there was left for the company the renegotiation of contracts with the government and the conversion of the plant back to the manufacture of parking meters and other peace time products. Mr. Magner was to be discharged as of September 15. Commencing on about September 7, the plaintiff asked Mr. Rhodes to rehire him and after a series of negotiations Mr. Rhodes did rehire him at a weekly salary of $125 to assist in the renegotiation of contracts with the government and with getting the company back into production of parking meters.

When the time came in December, 1945, to make up the list of employees who were to be certified as those on whose policies the defendant company was to pay premiums to the trust company, the name of the plaintiff was inadvertently included in the list for a premium of $2546.46 and that amount was included in the payment. As soon as Mr. Rhodes discovered that that had been done, he procured a certificate from the committee in charge that the certification of the plaintiff's name had been in error. Thereupon the trust company procured from the insurance company a refund of the premium paid on the plaintiff's policy and repaid it to the defendant. During January, 1946, within the thirty days of grace allowed for the payment of the premium and after he had unsuccessfully attempted to persuade Mr. Rhodes to change his mind on the ground that because of the tax situation it would not cost the company much to pay the premium, the plaintiff paid the premium himself and either quit his job or was discharged.

On the foregoing facts it is concluded: The plaintiff was discharged from his office of treasurer by the defendant by the vote of the directors on June 25, 1945. It was competent for the directors to take such action. Directors of a corporation have the power at will to discharge an officer who has been elected by them, as distinguished from a director or officer who under the laws or the by-laws is chosen by the members of the corporation, even though that officer has been elected for a specified term which has not expired. 13 Am. Jur. 864, § 879; 19 C. J. S. 72, § 738 (2); 2 Fletcher, Corporations (Perm. Ed.) § 353. If the plaintiff had any other employment in the company, that was effectively terminated by his discharge by the general manager on June 22, 1945. The weekly pay that he received from June 22 to August 15 was in the nature of terminal leave pay to make up to him for the loss of his vaca-

tions in previous years. His coming back to work on September 15, 1945, was as a result of a rehiring. Accordingly, he was not in the employ of the defendant company from June 25, 1945, to September 15, 1945, and therefore was not entitled under the trust agreement to have the premium on his insurance policy paid by the defendant.

The second count of the complaint seeks to recover a bonus on his salary for the second half of the calendar year 1945. Inasmuch as he was not in the employ of the company between July 1 and September 15, and inasmuch as on the rehiring there was no provision for a bonus, he is not entitled to recover under this count.

The third count seeks a recovery for salary accruing between August 15 and September 15, 1945. The plaintiff is not entitled to that because he was not in the employ of the defendant at that time. Nor is he entitled to recover in quantum meruit for the slight services he rendered during that period because they were not rendered under circumstances implying a contract to pay for them.

Judgment may enter for the defendant to recover of the plaintiff his taxable costs.